POWELL *v.* ANDERSON.

*(Common Pleas of New York City and County, General Term.* April 1, 1889.)

FACTORS AND BROKERS—COMMISSIONS.

Plaintiff had a contract with defendant by which, in consideration of special efforts of the former to sell a house belonging to the defendant, and of advertising the house in a circular which plaintiff was to publish, the defendant agreed to pay a certain commission on the sum for which the house should be sold if the sale was made by either of the parties to the contract, and a less rate if the sale should be made by any other broker. A minimum price was fixed at which the property was to be sold. *Held,* that the plaintiff was not entitled to any commission where the house was subsequently sold through another broker, by the acceptance of a standing offer made through such broker several months before the contract with plaintiff was entered into, and the sale being at a less figure than that named in the contract with plaintiff.

Appeal from trial term.

Action by Andrew Powell against John Anderson. Judgment was given for plaintiff, and defendant appeals.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*James F. Horan,* (*S. W. Fullerton,* of counsel,) for appellant. *Gwillim & Meyers,* for respondent.

LARREMORE, C. J. The plaintiff is a real-estate broker, and in this action seeks to recover a commission of one-half of one per cent. on account of the sale of a house and lot which belonged to defendant. He alleges a special contract by which, "in consideration of plaintiff's special efforts to sell said house, and of advertising the said house in the newspapers and in a circular or special list of west-side houses, which plaintiff was then about to publish and issue, the defendant promised and agreed to pay to the plaintiff one per cent. on the

sum for which said house should be sold, provided either the plaintiff or defendant made the sale, and one-half of one per cent. if the sale was made by any other broker." There was evidence to the effect that this agreement had been made in August, 1886, and the finding of the jury in plaintiff's favor establishes for the purposes of this appeal that such was the contract between the parties. At the same time defendant named to plaintiff $49,500 as the lowest price for which he would sell the house, and it was arranged between them that the asking price to be given in the circular about to be issued should be $50,000. Subsequently, and in September, 1886, the property was sold through a broker named Tannenbaum, for $45,000. It appears by the testimony of defendant's witnesses that such sale was but the eventual acceptance by defendant of a standing offer of that amount, made through this same broker several months before the making of the special agreement with plaintiff. This fact is not questioned or denied by the evidence, and in my opinion it is fatal to plaintiff's recovery. There is nothing inherently improper in the special contract alleged, and no reason why the court should look upon its enforcement with disfavor. If the property had been sold under an offer made after the issue of plaintiff's circular, and either for the asking price therein named or for a smaller sum, which was arrived at by negotiations between defendant and the person making such new offer, it could be fairly presumed that plaintiff's action had contributed the part towards the consummation of such sale which was contemplated by the special contract, and that he had earned his commission of one-half of one per cent. But, on the contrary, it is conclusively shown that plaintiff's efforts under the special contract did not in any manner contribute to the sale, because the offer which defendant finally accepted was made before the commencement of such efforts.

Plaintiff cannot recover on the ground of bad compensation for work and labor in the distribution of the circular, etc., and for reimbursement for expenses incurred in advertising and in other directions. He sues for a commission, and his right of action is therefore contingent upon whether or not he was the procuring cause, or, under the peculiar circumstances of the case at bar, a part of the procuring cause, in obtaining the purchaser. Any claim which might be asserted by reason of defendant's withdrawing his house so soon after the making of the special contract, and therefore not giving plaintiff a fair opportunity to earn the proposed commission, would, if it has any legal basis, be a claim for damages, and under these pleadings and proofs this verdict could not be sustained on that theory. Nor do I think any real uncertainty is created by the fact that the special agreement provides that plaintiff's commissions should be "on the sum for which said house be sold." The necessary interpretation of this language, general as it is, would be that the commission should be computed on the amount of the purchase price, provided plaintiff was entitled to any commission at all. The charge of the learned judge is not included in the case, and we therefore cannot say under what instructions the verdict for plaintiff was found. But, under no construction of the evidence, could plaintiff have been entitled to a verdict, and one should have been directed for the defendant. The judgment should be reversed, and a new trial ordered, with costs to abide the event.

DALY, J. The plaintiff claims to recover the commission of one-half of one per cent. upon a special contract by which he, a real-estate broker, in consideration of his special efforts to sell the defendant's house, and his advertising the said house in the newspapers and in his circular or special list of west-side houses which he was about to publish, was to receive one per cent. on the sum of which said house should be sold by himself or by the defendant, and one-half of one per cent. if the sale was made by any other broker. This is the agreement as set out in the complaint, but the evidence on the part

of plaintiff shows that he was employed to sell the house for not less than the sum of $49,500, and that he was to have one per cent. commission if he or defendant sold the house, and one-half of one per cent. commission if any other broker sold it. The plaintiff did not find a purchaser at $49,500, nor did the defendant. The house was sold by the latter, through one Tannenbaum, another broker, for $45,000. The plaintiff claims the one-half of one per cent. commission on this sale, but I do not see that he is entitled to it. Unless he performed his contract with defendant, he could not recover under it, and unless he found a purchaser at $49,500 he did not perform. Had he produced a purchaser at $45,000, and defendant had accepted such purchaser, the plaintiff would have been entitled to a commission, but not under his original special contract. His recovery would have been on account of services as real-estate broker in effecting a sale at the lesser price with defendant's consent, or for procuring a purchaser accepted by defendant at that price. He could not be said to have performed his contract as originally entered into by him. So the sale by defendant through another broker at the lesser price of $45,000 was not within any terms of the contract with plaintiff, and gave the latter no right of recovery. The contract as set out in the complaint would have justified a recovery on the facts, because it alleged an agreement for a commission on such sum as defendant might agree to accept from a purchaser; but the contract as proved contained no such stipulation. The judgment should be reversed, and a new trial ordered, with costs of this appeal to defendant, to abide the event.